FILED

'07 MJ 2723

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No._____ |
| Plaintiff, ) ) | COMPLAINT FOR VIOLATION OF |
| v. ) ) | Title 8, U.S.C., Section |
| **Huber RIOS-Diaz** ) ) | 1324(a)(1)(A)(ii) Transportation of Illegal Aliens |
| Defendant. ) ) ) | |

The undersigned complainant being duly sworn states:

### COUNT ONE

On or about **November 20, 2007**, within the Southern District of California, defendant **Huber RIOS-Diaz**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Nadia CASTANEDA-Munoz** and **Arturo SANCHEZ-Lopez,** had come to, entered and remained in the United States in violation of law, did transport and move, said aliens within the United States in furtherance of such violation of law, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **21st** DAY OF **NOVEMBER 2007**.

_____
MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

Further, the complainant states that **Nadia Paula CASTANEDA-Munoz and Arturo SANCHEZ-Lopez** are citizens of a country other than the United States; that said aliens have admitted to being removable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On November 20, 2007, at approximately 5:05 a.m., a Customs and Border Protection (CBP) Primary Officer identified a Hispanic female, later identified as **Nadia CASTANEDA-Munoz (Material Witness 1 herein referred to as MW1)**, who had presented a fraudulent Resident Alien Card (I-551) in order to gain entry into the United States. The CBP Primary Officer allowed **MW1** to enter the United States under the constructive restraint of U.S. Immigration and Customs Enforcement Special Agents. While following the movements of **MW1**, agents observed a Hispanic male approach **MW1** from behind and communicate with her. This individual was then observed following **MW1** at a short distance as they proceeded northbound on East San Ysidro Boulevard. Agents observed the unidentified male approach **MW1**, place his hand on her shoulder, and direct her into the parking lot behind the Wells Fargo Bank located at 637 East San Ysidro Boulevard. As agents approached the parking lot, they observed **MW1** entering a White Nissan Murano, driven by an individual later identified as **Huber RIOS-Diaz**, (herein referred to as **Defendant**) and containing a passenger later identified as **Arturo SANCHEZ-Lopez (Material Witness 2 herein referred to MW2)**. Immediately thereafter, agents approached the vehicle, identified themselves as federal law enforcement agents, and placed the occupants into custody. **Defendant, MW1, MW2**, and the vehicle were transported to the San Ysidro Port of Entry for further processing. Agents were unable to locate the individual guiding **MW1**.

During a videotaped interview, **MW1** stated she is a citizen of Mexico, by virtue of birth in San Miguel El Alto, Jalisco, Mexico. **MW1** further stated she has no legal rights or entitlements to enter, pass through or remain in the United States. **MW1** stated on or about November 19, 2007, she arrived in Tijuana, Mexico via plane from Jalisco, Mexico. Her brother, Jaime, had spoken to the smuggler and informed her that the fee was $1,500.00 to be smuggled to Los Angeles, California. Furthermore, **MW1** stated while at a "load" house, she also observed another male, later identified as **MW2**. She added that he departed the house with another male shortly before she was smuggled into the United States.

During a videotaped interview, **MW2** stated he is a citizen of Mexico, by virtue of birth in San Jose de Pradera, Oaxaca, Mexico. **MW2** further stated he has no legal rights or entitlements to enter, pass through or remain in the United States. **MW2** stated on November 19, 2007 he was approached by an unknown smuggler that offered to smuggle him into the United States for the price of $3000.00. **MW2** stated the smuggler took him to a house in Tijuana, Mexico where he spent the night of November 19, 2007. **MW2** stated on the morning of November 20, 2007 at approximately 4:30 a.m., an unknown

man came to the house where he stayed and gave him an immigration document to cross into the United States. **MW2** stated the same man guided him to the pedestrian lanes at the San Ysidro POE where he presented the document given to him by the smuggler to gain entry. The unknown smuggler then guided **MW2** to a white Nissan SUV located just north of the POE in a parking lot near East San Ysidro Boulevard and Camino de la Plaza. This same person told **MW2** to enter the vehicle where he met **Defendant** waiting inside. **MW2** stated shortly after, a woman also entered the vehicle, and they were subsequently arrested by immigration agents a short time later.

**Defendant** was advised of his Miranda rights in the Spanish language and agreed to answer questions without having an attorney present. **Defendant** stated he is a citizen of Mexico, by virtue of birth in Tuxtepec, Oaxaca, Mexico. **Defendant** further stated he has no legal rights or entitlements to enter, pass through or remain in the United States. **Defendant** stated he has been working with an unknown Alien Smuggling Organization (ASO) for approximately four months. **Defendant** admitted the vehicle he was apprehended in was given to him by the ASO for the sole purpose of picking up undocumented aliens that are smuggled through the San Ysidro POE. **Defendant** stated his only point of contact is a "Ruben Rodriguez" and claims he does not know any of the ASO members' telephone numbers. **Defendant** stated he received a phone call from Rodriguez on November 20, 2007, at approximately 4:30 a.m. Rodriguez directed him to drive to San Ysidro, California near the POE and pick up a male that was waiting for him at the Shell gas station located on San Ysidro Boulevard. **Defendant** stated once he picked up the male, he received another phone call from Rodriguez advising him that a young Hispanic female had just been smuggled across the border and needed to be picked up. **Defendant** stated he parked behind the Wells Fargo Bank and waited for the female to arrive. **Defendant** stated once the female arrived, another male was walking with her whom he was not able to identify. **Defendant** stated he lost sight of the unknown male once he directed her to get into the vehicle. **Defendant** stated he proceeded to leave the parking lot and was then stopped by ICE agents.

**Defendant** stated he was to deliver both **MW1** and **MW2** to a taco shop in Escondido, California. **Defendant** claims he was to be paid $250.00 for each alien. **Defendant** stated he was fully aware that both **MW1** and **MW2** did not posses legal immigration documents to enter, pass through or remain in the United States. Furthermore, he was fully aware that they had just been smuggled through the San Ysidro POE.